**Mark DOE, Plaintiff,**

v.

**NATIONAL HEMOPHILIA FOUNDATION, et al., Defendants.**

**CIV.A. No. WMN–98–3006.**

United States District Court, D. Maryland.

June 6, 2000.

---

Shepard A. Hoffman, Baltimore, MD, Peter D. Hoffman, Law Offices of Peter D. Hoffman, Frenchtown, NJ, Jonathan Auerbach, Berger and Montague, P.C., Philadelphia, PA, Daniel M. Cohen, Philadelphia, PA, for Mark Doe.

Robert H. Bouse, Jr., Anderson, Coe & King, Baltimore, MD, for National Hemophilia Foundation.

Gary J. Kolb, Bowie, MD, Seth Perlman, Perlman & Perlman, New York City, for Hemophilia Association of New York.

### MEMORANDUM AND ORDER

GESNER, United States Magistrate Judge.

This case has been referred to the undersigned for the resolution of discovery disputes pursuant to 28 U.S.C. § 636(b) and Local Rule 301. Plaintiff, a hemophiliac, alleges that he contracted the hepatitis C virus through infusion of tainted coagulation products manufactured and/or distributed by defendants and is suing for damages.[1] Pending are Plaintiff's Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents and Motion for Extension of Fact and Expert Discovery Deadlines, Defendants' Oppositions thereto,[2] and Plaintiff's Reply.[3] (Paper Nos. 84, 88, 89, 90, and 93). No hearing is deemed necessary. Local Rule 105.6. For the reasons that follow, Plaintiff's Motion to Compel will be denied without prejudice.

### I. Background

Plaintiff filed his Complaint against defendants on September 1, 1998. (Paper No. 1). On February 19, 1999, the Honorable William M. Nickerson issued a scheduling order setting the fact discovery deadline for March 1, 2000 and scheduling the trial to begin on February 19, 2001. (Paper No. 61).

On August 30, 1999, plaintiff served his first set of interrogatories and requests for production of documents containing thirteen questions and numerous subparts. The defendants served timely responses to these interrogatories and document production requests. (Paper No. 84 at 5 n. 5). Plaintiff, however, was dissatisfied with defendants' responses which he felt "amounted to the most cursory information and boilerplate objections." (*Id.* at 5).

On December 20, 1999, at the direction of a federal judge presiding over hepatitis C cases filed by plaintiff's counsel in New Jer-

---

1. The defendants are the National Hemophilia Foundation, the New York Blood Center, the American Red Cross, and four pharmaceutical companies who refer to themselves as the Fractionators. The Fractionators consist of Alpha Therapeutic Corporation, Armour Pharmaceutical Company, Baxter Healthcare Corporation, and Bayer Corporation. (Paper No. 90). The Hemophilia Association of New York was dismissed as a defendant by Order dated May 28, 1999. (Paper No. 66).

2. Oppositions were filed by the American National Red Cross, the New York Blood Center, and the Fractionators. (Paper Nos. 88, 89, 90). The Fractionators' Opposition includes a Motion to Strike Plaintiff's Motion to Compel. (Paper No. 90).

3. Plaintiff's Reply was untimely filed as it was due on May 15, 2000 and was not filed until May 22, 2000. Nonetheless, the Court has given it full consideration in connection with this Memorandum and Order.

sey, plaintiff and three of the Fractionators met to resolve discovery issues which had arisen in the New Jersey cases. (Paper No. 90 at 4, 7). The Fractionators maintain that the parties did not address "any issue specific to Mark Doe" during the conference but concede that plaintiff's counsel "said he would send letters to Defendants' counsel with specific discovery concerns relating to each defendant." (*Id.* at 4). Within one week after the conference, plaintiff's counsel sent follow-up letters to defendants Bayer Corporation, Baxter Healthcare Corporation, and Armour Pharmaceutical outlining plaintiff's objections to their discovery responses in this case as well as six other cases involving hepatitis C transmission. (Paper No. 84, Ex. C). Plaintiff evidently did not communicate with any of the other defendants concerning the alleged inadequacy of their discovery responses at this time.

On February 3, 2000, the parties submitted a joint letter requesting that the Court enter a proposed Revised Scheduling Order to extend the fact discovery deadline from March 1, 2000 to April 3, 2000 in order to address scheduling difficulties. Judge Nickerson signed this Revised Scheduling Order on February 4, 2000. (Paper No. 75).

On February 28, 2000, plaintiff wrote to the Court requesting another extension of the fact discovery deadline which was opposed by defendants. On February 29, 2000, Judge Nickerson, "generously construing" the reasons cited in plaintiff's request as good cause, extended the fact discovery deadline by one month. (Paper No. 77). Judge Nickerson stated, however, that "[w]hile the Court is aware of the inherent difficulties of being a sole practitioner bringing an action against many defendants, it does not consider Plaintiff's situation to be unique or deserving of any further extensions beyond that granted today." (*Id.*). Judge Nickerson also admonished all counsel to deal with any future discovery problems "by conducting timely conferences among counsel or bringing appropriate motions before the Court if the conferences do not resolve the matter." (*Id.*).

On April 17, 2000, plaintiff filed the pending Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents and Motion for Extension of Fact and Expert Discovery Deadlines. (Paper No. 84). Plaintiff's motion seeks to extend the fact and expert discovery deadlines by sixty days and to compel the production of information regarding 1) employees of defendants who may have contracted Hepatitis; 2) FDA warning letters sent to defendants; 3) FDA inspections; 4) defendants' sources of blood and/or plasma, its subsequent use by defendants, and FDA and/or Bureau of Biologics knowledge of such use; 5) blood testing; and 6) defendants' operating procedures. (Paper No. 84 at 5–6).

With the exception of the December 20th conference and the follow-up letters by plaintiff's counsel to three of the defendant Fractionators, (Paper No. 84, Ex. C), the Court has not been directed to any other communication between plaintiff and defendants concerning the discovery requests at issue prior to the filing of the motion by plaintiff. (*See* Paper Nos. 88 at 3–4 n. 8; 89 at 3; and 90 at 5).

## II. *Analysis*

Plaintiff argues that despite his attempts to convince defendants to respond to his first set of interrogatories and document requests, defendants have failed to provide adequate answers to his interrogatories or produce any responsive documents. Without specifying which defendant his argument pertains to, plaintiff claims that defendants have told him to "go fish" in a document depository created in a multi-district products liability litigation involving HIV-tainted blood products. (Paper No. 84 at 1–2). Because of defendants' alleged stonewalling, plaintiff argues that he now needs additional time to conduct fact discovery. (*Id.* at 3). Defendants argue that Plaintiff's Motion to Compel should be denied because it fails to comply with the procedural requirements of Local Rule 104 and plaintiff's request to extend the fact discovery deadline should be denied because plaintiff has not shown good cause for an extension.[4] (Paper Nos. 88 at 4–5, 8–9; 89 at 3–4, 6; and 90 at 5–8, 9).

---

4. In addition, defendant New York Blood Center

questions whether Plaintiff's Motion to Compel is

Local Rule 104.8.a provides that if a party is dissatisfied with responses to interrogatories or document production requests and is unable to resolve the dispute through informal means, "that party shall serve a motion to compel within thirty days of the parties' receipt of the response."

Having reviewed plaintiff's motion and the accompanying memorandum, it is clear that plaintiff's counsel are unfamiliar with the requirements of this Local Rule. Plaintiff did not undertake to resolve the pending discovery dispute informally or file a motion to compel within the requisite thirty day time period, and this failure to comply with the rule concerns the Court.[5] On the other hand, as addressed in further detail below, defendants have not been as forthcoming as the Federal Rules of Civil Procedure require in responding to plaintiff's discovery requests.[6] As a result of the parties' failure to adhere to the Local Rules and the Federal Rules of Civil Procedure, the current procedural posture of the discovery dispute precludes meaningful resolution by the Court.

Accordingly, the undersigned is ordering counsel for all parties to meet in person to discuss the discovery stalemate in this case. In connection with this meeting, the parties are directed to comply strictly with the requirements of Local Rule 104.7, that is, to "make sincere attempts to resolve the differences between them."[7] Plaintiff's counsel are ordered to familiarize themselves with the Local Rules and the Discovery Guidelines of this Court in advance of the meeting.

Once the parties have conferred in a good faith attempt to resolve the pending discovery dispute, they are directed to file a joint submission by June 26, 2000, advising the Court whether any disputes remain regarding Plaintiff's Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents and Motion for Extension of Fact and Expert Discovery Deadlines. If any issues remain, the parties should include in their joint submission a briefing schedule to address these issues. The parties should also indicate in

even directed to it in light of the fact that "(1) plaintiff makes no reference to the Blood Center's specific discovery responses in its motion to compel; (2) the arguments made in plaintiff's motion to compel appear directed to responses propounded by other defendants; and (3) plaintiff has made no previous effort to contact the Blood Center with respect to any alleged deficiencies in the Blood Center's discovery responses." (Paper No. 89 at 3).

Indeed, plaintiff's motion does not distinguish between various defendants in discussing the alleged inadequacies of defendants' discovery responses, and plaintiff has not directed the Court to any communication between it and the New York Blood Center concerning the inadequacy of the New York Blood Center's discovery responses. However, the New York Blood Center's answers to interrogatories and requests for production of documents are included among the discovery responses which plaintiff asserts to have been inadequate. (Paper No. 84 at 5 n. 5, Ex. B). Therefore, the Court will assume that Plaintiff's Motion to Compel is directed at the New York Blood Center and will proceed on that basis. However, should additional briefing be necessary, plaintiff is directed to address each defendant's discovery responses individually.

5. Plaintiff relies on the December 20, 1999 discovery conference and counsel's follow up letters to three of the defendants as evidence of compliance with Local Rule 104. The Court, however, finds this to be insufficient compliance. First, as

noted in several of the defendants' Oppositions, not all of the defendants served with Plaintiff's Motion to Compel took part in the December 20th conference, nor did they receive a follow-up letter from plaintiff's counsel. (Paper Nos. 88 at 3; 89 at 3). Moreover, the December 20th conference took place well over thirty days after defendants' discovery responses were served and, therefore, the conference was untimely under Local Rule 104.8.a. In addition, Plaintiff's Motion to Compel was untimely filed, some five months after disputed discovery responses were served. Finally, with respect to at least some defendants, Plaintiff's Reply appears to have provided the first notice of plaintiff's objections to their discovery responses. (Paper No. 93, Ex. B).

6. In this regard, the Court notes that in response to many of plaintiff's discovery requests, defendants maintain that if and when plaintiff appropriately narrows his discovery requests, they will provide responsive materials. (Paper Nos. 84, Ex. B; 88 at 1; 90 at 7).

7. While the Court does not condone plaintiff's counsel's disregard for the Local Rules of this Court, the Court strongly believes counsel should attempt to resolve their disputes among themselves, particularly in light of Judge Nickerson's directive to do the same in his February 29, 2000 order. Accordingly, the Court declines defendants' invitation to reject plaintiff's motion on procedural grounds at this stage.

their joint submission whether additional time for fact discovery will be necessary and, if so, whether they have agreed on a time frame. Plaintiff should be mindful of addressing the discovery issues pertaining to each defendant separately. The Court admonishes the parties that failure to make disclosure or cooperate in discovery may result in the imposition of sanctions pursuant to Fed.R.Civ.P. 37.

A review of the record in this case clearly establishes that plaintiff and defendants need to compromise on their respective positions regarding the discovery disputes. It is clear to the Court that plaintiff's first set of interrogatories and requests for production of documents can be narrowed significantly so as to refine both the substance and time frame of its interrogatories and document production requests. Once narrowed, defendants will be able to respond to the requests specifically rather than raising general objections or referring plaintiffs to a document depository containing hundreds of thousands of documents. The Court is hopeful that the disclosure of the plaintiff's medical records will help define the likely time frame and/or source of plaintiff's infection with the hepatitis C virus and thus help narrow the scope of discovery sought by plaintiff.

 Notwithstanding the need for refinement of plaintiff's discovery requests, the defendants' general objections and failure to produce any responsive documents do not comport with Fed.R.Civ.P. 33 which requires a party to specify its grounds for an objection to an interrogatory and to "answer to

the extent the interrogatory is not objectionable." [8] In addition, the so-called "go fish" response to plaintiff's discovery requests which defendants Alpha Therapeutic Corporation and Baxter Corporation have relied on until now does not comply with the Federal Rules of Civil Procedure.[9] (*See* Paper No. 84, Ex. B). Specifically, Fed. R. Civ. Proc. 33 requires a party who chooses to answer an interrogatory by making business records available for inspection to specify the records from which the answer may be derived or ascertained "in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." [10]

Because it does not appear to the Court that the defendants have complied fully with these requirements to date, defendants are reminded of their obligation to specifically produce responsive documents. Further, defendant Fractionators are advised that if they intend to answer plaintiff's revised interrogatories by allowing for document examination or inspection as it appears they may,[11] they should specify how and where responsive documents can be located and identified by plaintiff. Mere reference to the enormous HIV litigation document depository or the provision of access to documents en masse without further direction will not suffice.

### III. *Conclusion*

For the reasons stated above, IT IS this _____ day of June, 2000 ORDERED that:

---

8. Rule 34, which applies in the context of requests for production of documents, states that if a document request is objected to, "the reasons for the objection shall be stated" and "inspection permitted of the remaining parts."

9. Defendant Bayer Corporation refers to the HIV document depository in response to plaintiff's interrogatory and request for production no. 13 but asserts in this response that none of the documents which it submitted to the depository are relevant to any issue in the instant lawsuit and therefore does not appear to direct plaintiff to "go fish" for documents in the depository. (Paper No. 84, Ex. B). Nevertheless, in Plaintiff's Reply, plaintiff maintains that his counsel "engaged in negotiations with counsel for Bayer regarding the documents in this [depository]"

but that this negotiation for allegedly relevant documents submitted to the depository "proved fruitless." (Paper No. 93, Ex. B).

10. Similarly, Rule 34 provides that "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request."

11. In a letter to plaintiff's counsel dated May 10, 2000, the Fractionators, without waiving any objections pertinent to plaintiff's discovery requests, appear to offer plaintiff the opportunity to conduct such an inspection of the records which they submitted to the HIV litigation document depository. (Paper No. 93, Ex. A).

1. Plaintiff's Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents and Motion for Extension of Fact and Expert Discovery Deadlines (Paper No. 84) is hereby DENIED without prejudice.

2. The parties are ORDERED to confer in person on or before June 26, 2000 in order to attempt to resolve the issues raised in Plaintiff's Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents and Motion for Extension of Fact and Expert Discovery Deadlines. By June 30, 2000, the parties shall file a joint submission advising the Court whether any disputes remain regarding these motions. If any disputes remain, the parties should include in their joint submission a briefing schedule to address these issues. The parties should also indicate in their submission whether additional time for fact discovery will be necessary and, if so, whether they have agreed on a time frame.

3. Plaintiff's counsel are ordered to familiarize themselves with the Local Rules of this Court in advance of the above-ordered conference.

4. The Clerk of the Court shall mail copies of this Order to counsel of record.